UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ANN URIBE,<br>          Plaintiff,<br>    v.<br>DANIEL PONCE, et al.,<br>          Defendants. | Case No.  24-cv-07411-JCS<br><br>**ORDER TO SHOW CAUSE RE REVIEW UNDER 28 U.S.C. § 1915** |

## I.    INTRODUCTION

Plaintiff Mary Ann Uribe, pro se, applied to proceed in forma pauperis and the Court granted her application. *See* Docket No. 5.  The Court now reviews the sufficiency of Plaintiff's complaint to determine whether it satisfies 28 U.S.C. § 1915(e)(2)(B).  Because the complaint does not appear to state plausibly any federal claim, Plaintiff is ORDERED TO SHOW CAUSE why the complaint should not be dismissed for lack of federal jurisdiction.  Plaintiff may file either an amended complaint or a response to this order addressing why her complaint is sufficient, **no later than January 31, 2025**.  **The Case Management Conference set for January 22, 2025 is vacated**.

## II.    ALLEGATIONS OF THE COMPLAINT[1]

Plaintiff is a disabled senior who alleges that she was wrongfully evicted from her senior housing in retaliations for complaints she made about living conditions there, in violation of the American with Disabilities Act ("ADA") and her civil rights under 42 U.S.C. § 1983, among other

---

[1] Because the factual allegations of a plaintiff's complaint are generally taken as true in the context of determining whether the complaint states a claim, this section summarizes Plaintiff's allegations as if true.  Nothing in this order should be construed as resolving any issue of fact that might be disputed at a later stage of the case.

things. Plaintiff names nine defendants in the caption of the complaint but lists only seven defendants in the body of the complaint. The defendants listed in the caption are: Daniel Ponce, Susan Friedland, Crystal Nusom, Bryan Galston, Mercedes Gavin, Angela Cavanaugh, Satellite Affordable Housing Associates, Nathan Pedley, and Tom Early.

The Complaint begins with a section entitled "Federal Question" that lists both state and federal claims in a rambling fashion. This section appears to assert that there is federal question jurisdiction based on violations of: 1) the ADA; 2) 42 U.S.C. § 1983 and the First Amendment; and 3) federal "health and safety codes." Compl. at 4.

The complaint contains a lengthy fact section, with numerous references to statutory and constitutional violations, but the specific claims asserted against each defendant are not clearly set forth. Below is a summary of the main factual allegations and what appear to be the key violations asserted in the complaint.

Plaintiff alleges that she has been a resident at Stuart Pratt Manor, at 2020 Durant Ave., Berkeley, California 94704, for the past fifteen years. Compl. at 5. According to Plaintiff, she filed a report for elder abuse with the Berkeley Police Department after a property manager at Stuart Pratt Manor (Uche Mowete, who is not named as a defendant) twice banged on her door, "yelling and screaming" at her. *Id.* & Compl. Ex. C (12/19/22 police report). Plaintiff alleges that "[i]n retaliation for filing the report, Defendant Daniel Ponce and "[a]ll [o]ther Defendants with the [e]xception of Nathan Pedley, signed off on filing of an Unlawful Detainer against [her] TWO DAYS LATER even though [she has] paid [her] rent on time for almost the 10 years that [she has] lived at Stuart Pratt Manor." *Id.* Plaintiff alleges the unlawful detainer action violates her First Amendment right to free speech and her rights under the ADA and that she cannot "walk or bend down to pack" due to her disability. *Id.* As of August 2024, Plaintiff apparently had not been evicted from her apartment as she alleges that she was issued a new key fob for her apartment at that time. Compl. at 12 & Compl. Ex. F (picture of old and new key fob).

Plaintiff alleges that one of the defendants, Crystal Nusom, who was the Stuart Pratt property manager at the time, "encouraged and promoted" the filing of the unlawful detainer action in retaliation for a petition that Plaintiff circulated against Nusom. Compl. at 6. According

2

to Plaintiff, Nusom's retaliation violated her First Amendment rights and constituted elder abuse under state law. *Id.*

Plaintiff alleges that the unlawful detainer action was filed by attorney Mercedes Gavin on behalf of Satellite Affordable Housing Associates. Compl. at 7-8. Plaintiff accuses Gavin of engaging in a various types of unethical and wrongful conduct in her prosecution of the unlawful detainer action against Plaintiff, including failing to serve the unlawful detainer complaint on Plaintiff, plagiarizing proofs of service and seeking discovery sanctions for failure to respond to discovery requests that were never served on Plaintiff. *Id.* Plaintiff contends Gavin has engaged in First Amendment retaliation and elder abuse against her. *Id.*

Plaintiff alleges that Bryan Galston, the current property manager of Stuart Pratt Manor, tried to "steal parking spaces" from residents – something Nusom (who later became property supervisor) also did when she was property manager and encouraged Galston to do as well. *Id.* at 6. She also alleges that Defendants Galston, Nusom and Nathan Pedley all "stole" garage parking spaces from residents for their own use. *Id.* at 11. She also alleges that Galston committed perjury in the unlawful detainer action, which was presented in that action by Gavin. *Id.*

Plaintiff alleges that "[t]he harassment and violation of [her] rights under the First Amendment of the United States Constitution continued when [she] organized a Town Hall meeting to complain about the 10,000 cockroaches living behind our walls and called Berkeley's Health Officer, Lino Ancheta, to investigate, interview residents, take photos and document the 10,000 cockroaches living behind our walls." *Id.* at 9. According to Plaintiff, members of the press attended the meeting, including a reporter from the San Francisco Chronicle, and an article about the meeting appeared in the San Francisco Chronicle. *Id.* Plaintiff alleges that "[a]ll Defendants objected to this meeting and tried to intimidate [her] and other senior [r]esidents from circulating [i]nformation to our community about our cockroach infestation." *Id.* at 11.

Plaintiff alleges that Defendants have violated many health and safety code requirements, that the apartment units are uninhabitable due to the cockroach infestation and "failure to provide fans to [the building's] senior residents to alleviate the illness of heat exposure due to the recent heat wave." *Id.* at 12. Plaintiff alleges that "all" defendants refused to provide fans and

1    specifically alleges that Property Manager Bryan Galston and Resident Services Manager Nathan
2    Pedley refused Plaintiff's request that residents be given "heavy fans to alleviate the symptoms of
3    heat exhaustion and illness because of our extreme heat exposure." *Id.* at 11.
4        Other than her allegations relating to "all defendants", Plaintiff does not allege any specific
5    facts about Angela Cavanaugh, Tom Early, Susan Friedland or Satellite Affordable Housing
6    Associates.

**III.   ANALYSIS**

**A.   Legal Standards Under 28 U.S.C. § 1915 and Rule 12(b)(6)**

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

To state a claim for relief, a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Diaz v. Int'l Longshore and Warehouse Union, Local* 13, 474 F.3d 1202, 1205 (9th Cir. 2007). In determining whether a plaintiff fails to state a claim, the court takes "all allegations of material fact in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (internal quotation marks omitted). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Id*. at 678 (citing *Twombly*, 550 U.S. at 570).

1    Where the complaint has been filed by a pro se plaintiff, courts must "construe the
2    pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d
3    338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint
4    unless it is absolutely clear that the deficiencies in the complaint could not be cured by
5    amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds
6    by statute, as recognized in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc). Further,
7    when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must
8    provide the litigant with notice of the deficiencies in his complaint in order to ensure that the
9    litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d
10   1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant
11   will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th
12   Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

**B.    Discussion**

As a preliminary matter, Plaintiff's complaint is not in compliance with Rule 8 of the Federal Rules of Civil Procedure, which requires that a complaint provide "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim[s] showing that the pleader is entitled to relief[.]" Fed.R.Civ.P. 8(a)(1) & (2). As discussed above, the section of Plaintiff's complaint addressing jurisdiction is neither "short" nor "plain." Furthermore, the claims are not separately set forth but instead, mixed in with Plaintiff's factual allegations, making it impossible to determine the basis for each claim or which defendants each claim is asserted against. The Court further finds that Plaintiff has failed to establish federal jurisdiction in this case because she has stated no viable federal claims and there is no diversity jurisdiction.[2]

---

[2] The two most common forms of federal subject matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists where all plaintiffs are citizens of different states from all defendants and at least $75,000 is in controversy. Here, Plaintiff asserts in her complaint that there is federal question jurisdiction. Because Plaintiff is a California resident and she lists California addresses for seven of the defendants named in this case, there is no diversity jurisdiction. Compl. at 2-3.

### 1. ADA Claims

"[T]he ADA forbids discrimination against disabled individuals in major areas of public life, among them employment (Title I of the Act), public services (Title II), and public accommodations (Title III)." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001) (footnotes omitted).

Title I does not apply to Plaintiff's allegations, which do not involve Plaintiff's employment by any of the defendants.

Title II, regarding public services, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. For purposes of Title II, a "public entity" is "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority." *Id*. § 12131. Based on Plaintiff's allegations, none of the named defendants fits this definition. Even assuming that Satellite Affordable Housing Associates operates Stuart Pratt Manor (a fact that is not actually alleged in the complaint), a residential housing facility is not a "public entity" for purposes of Title II of the ADA under any of the categories set forth in § 12131. *McCasland v. Herzog*, No. 15CV1946 BEN (MDD), 2016 WL 5405560, at *2 (S.D. Cal. Sept. 27, 2016) (finding that Title II claims could not be brought against private senior housing facility or its manager, even if residents received some form of public assistance, because facility was not a "public entity"); *Sutton v. Freedom Square Ltd.*, No. 07-14897, 2008 WL 4601372, at *7–8 (E.D. Mich. Oct. 15, 2008), aff'd sub nom., *Sutton v. Piper*, 344 F. App'x 101 (6th Cir. 2009) (finding residential facility was "not a public entity subject to liability under Title II").

Title III provides, in pertinent part, that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). A

1  "public accommodation" for purposes of Title III is a "facility, operated by a private entity, whose
2  operations affect commerce and fall within at least one" of twelve categories, including "(A) an
3  inn, hotel, motel, or other place of lodging, except for an establishment located within a building
4  that contains not more than five rooms for rent or hire and that is actually occupied by the
5  proprietor of such establishment as the residence of such proprietor." *Id*. § 12181(7). No defendant
6  named in this case, including Satellite Affordable Housing Associates, meets the definition of a
7  "public accommodation" for purposes of Title III. *See Mabson v. Ass'n of Apartment Owners of*
8  *Maui Kamaole,* No. 06-00235 DAE LEK, 2007 WL 2363349, at *10 (D. Haw. Aug. 13, 2007)
9  ("Purely residential dwellings, such as apartments and condominiums, are not included within the
10 definition of public accommodation under Title III of the ADA.") (citing *Indep. Hous. Servs. of*
11 *San Francisco v. Fillmore Ctr. Assocs*., 840 F.Supp. 1328, 1344 n. 14 (N.D. Cal. 1993) (finding
12 that "the legislative history of the ADA clarifies that 'other place of lodging' does not include
13 residential facilities" such as apartments and condominiums); *Regents of Mercersburg Coll. v.*
14 *Republic Franklin Ins. Co*., 458 F.3d 159, 165 n. 8 (3d Cir.2006) (agreeing that "residential
15 facilities such as apartments and condominiums are not transient lodging and, therefore, not
16 subject to ADA compliance")).
17   Accordingly, the Court finds that Plaintiff has failed to state a claim against any of the
18 named defendants under the ADA.[3]

19   **2. First Amendment Claim Under 42 U.S.C. § 1983**
20   Plaintiff accuses Defendants of violating her First Amendment rights by filing an unlawful

---

[3] The Court notes that Plaintiff has not asserted any claims under Title VIII of the Civil Rights Act of 1968, 42 U.S.C. §§ 3601-3631 (Fair Housing Act), which was enacted "to provide, within constitutional limitations, for fair housing throughout the United States." 42 U.S.C. § 3601. In 1988, the Fair Housing Act was amended to extend its protections to disabled persons. Fair Housing Amendments Act of 1988, Pub.L. No. 100–430, 102 Stat. 1619, 42 U.S.C. § 3604(f)(2). As amended, the Fair Housing Act defines discrimination to include, *inter alia*, "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). Plaintiff may be able to state viable claims under the Fair Housing Act as to some defendants but the Court expresses no opinion on that question at this time. If Plaintiff chooses to file an amended complaint in response to this order, she may assert claims under the Fair Housing Act if she has a good faith basis for doing so. The Court will review the sufficiency of any such claims when it conducts its screening of the amended complaint under 28 U.S.C. § 1915.

1   detainer action against her, and harassing her, in retaliation for various forms of speech she
2   engaged in, including filing a police complaint accusing a property manager of elder abuse,
3   circulating a petition against Defendant Nusom and organizing tenant meetings to address a
4   cockroach infestation.  This claim is asserted under 42 U.S.C. § 1983.[4]

5   Section 1983 creates a cause of action against a "person who, under color of any [state
6   law], subjects, or causes to be subjected, any [person] to the deprivation of any rights, privileges,
7   or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  "Section 1983 does not
8   create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by
9   governmental officials."  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  A § 1983 claim
10  "requires the wrongdoer to be a state actor."  *Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d
11  1161, 1171 (9th Cir. 2021). There are four tests to determine whether private entities or
12  individuals qualify as state actors: "(1) public function; (2) joint action; (3) governmental
13  compulsion or coercion; and (4) governmental nexus." *Id*. at 1167. Under all of these tests, the
14  basic inquiry is "whether the nature of the relationship between the private party and the
15  government is such that the alleged infringement of federal rights is fairly attributable to the
16  [government]." *Id*. (quotation marks and citation omitted).

17  Here, all of the named defendants are private individuals (or a private entity as to Satellite
18  Affordable Housing Associates).  Plaintiff has alleged no facts suggesting that the conduct of any
19  of the defendants is fairly attributable to the government.  Because Plaintiff has not established
20  that any defendant is a state actor, her First Amendment claims under 42 U.S.C. § 1983 fail to
21  state a viable claim.

### 3. Federal Health and Safety Claims

23  Plaintiff refers vaguely to federal health and safety law but does not identify any particular
24  federal law that has been violated.  Therefore, she has not stated a federal claim on this basis.

---

[4] To the extent Plaintiff may be seeking to assert a direct claim under the First Amendment against any defendant, that claim fails as a matter of law.  "[A] litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

8

## IV.   CONCLUSION

For the reasons discussed above, Plaintiff is ORDERED TO SHOW CAUSE why this case should not be dismissed. Plaintiff may respond by filing either an amended complaint that addresses the deficiencies discussed above or a response that addresses why her current complaint is sufficient. Plaintiff's response shall be filed by **January 31, 2025**. If Plaintiff does not file a response by that date, the case will be reassigned to a United States district judge with a recommendation that it be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Any amended complaint must include the caption and civil case number used in this order (24-cv-07411) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaint, any amended complaint may not incorporate claims or allegations of Plaintiff's original complaint by reference, but instead must include all of the facts and claims Plaintiff wishes to present and all of the defendants he wishes to sue.

Plaintiff, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. Appointments can be made by calling (415) 782-8982 or emailing federalprobonoproject@sfbar.org. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: December 9, 2024

JOSEPH C. SPERO
United States Magistrate Judge